# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Ashley Tucker,<br><br>       Plaintiff,<br>   v.<br><br>Reddy Ice Corporation,<br><br>       Defendant. | Case No. 2:22-cv-00240-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge recommending the Court dismiss Plaintiff's case for failure to prosecute and abide by court orders. (Dkt. No. 34). Plaintiff did not file an objection to the Magistrates R & R. For the reasons stated below, the Court adopts the R & R as the Order of the Court.

**I.    Background**

This case arises from Plaintiff's employment with Defendant. (Dkt. No. 1-1). Plaintiff, who is proceeding *pro se*, alleged that she was subject to sexual harassment and retaliation at work. (Dkt. No. 1-1).

During discovery, Defendant filed a Motion to Compel, asserting that Plaintiff had not responded in any way to Defendant's written discovery requests. (Dkt. No. 24). The Magistrate Judge granted Defendant's Motion to Compel and ordered Plaintiff to respond to Defendant's written discovery requests. (Dkt. No. 24). The Court also extended all deadlines in the original scheduling order by 120 days. (Dkt. Nos. 28 & 29). Despite these orders, Plaintiff still did not respond to Defendant's written discovery requests. (Dkt No. 34 at 2).

Based on Plaintiff's failure to participate in discovery, Defendants filed this Motion to Dismiss for Lack of Prosecution. (Dkt. No. 31). Plaintiff did not file a response in opposition to that motion. The Magistrate Judge issued an R & R recommending the Court dismiss Plaintiff's

case for failure to prosecute. (Dkt. No. 34). Plaintiff did not object to the R & R. The matter is now ripe for the Court's review.

II.   **Standard**

   A. **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Because Plaintiff filed objections to the R&R, the R&R is reviewed de novo.

   B. **Dismissal**

Rules 37 and 41 of the Federal Rules of Civil Procedure are part of a court's "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-00363, 2014 WL 37662, at *3 (E.D. Va. Jan. 3, 2014) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991)). To dismiss an action under Rule 37, a court must consider:

2

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

*Anderson v. Found. For Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). A court must apply a similar four-part test when deciding whether to dismiss a case under Rule 41:

> (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990) The standard for Rules 37 and 41 is "virtually the same." *Carter v. Univ of W. Va., Sys. Bd. of Tr.*, 23 F.3d 400 (4th Cir. 1994). Because the standards are virtually the same, courts can combine the analysis for both rules. *Taylor v. Fresh Fields Markets, Inc.*, No. 94-0055-C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996).

**III.    Discussion**

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed. In her combined Rule 37 and Rule 41 analysis, the Magistrate Judge Correctly determined that (1) Plaintiff was personally and solely responsible for her noncompliance with discovery rules and court orders, (2) Defendant were prejudiced by Plaintiff's failure to participate in discovery because Defendant could not prepare a defense, (3) Plaintiff has demonstrated a history of proceeding in a dilatory fashion, and (4) no less sanctions other than dismissal would be effective given Plaintiff's lack of compliance or response to two

Court orders requiring her to respond. Therefore, the Court adopts the R & R and dismisses the case.

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate (Dkt. No. 34) as the Order of the Court, and Plaintiff's case is **DISMISSED**, without prejudice and without an award of costs, for lack of prosecution.

   s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 30, 2022
Charleston, South Carolina